**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

DANIEL KOLAWOLE OLUKOYA, *as an*
*individual*,
MOUNTAIN OF FIRE AND MIRACLES
MINISTRIES, INC., *a Nevada Corporation*,
and
MOUNTAIN OF FIRE AND MIRACLES
MINISTRIES, BOWIE, MARYLAND, INC.,
*a Maryland Corporation*,

      Plaintiffs,

      v.

OMOYELE SOWORE, *as an individual*, and
SAHARA REPORTERS MEDIA GROUP,
INC., *a New York Corporation d/b/a Sahara*
*Reporters*,

      Defendants.

Civil Action No. TDC-18-2922

**MEMORANDUM ORDER**

     In this defamation case, the Court previously granted in part Defendants' Motion to

Dismiss and dismissed several of the defamation and false light claims alleged in this case.

Following the filing of a Second Amended Complaint, Defendants Omoyele Sowore and Sahara

Reporters Media Group, Inc. filed a Motion for Judgment on the Pleadings in which they assert

that as a result of the Court's ruling on the Motion to Dismiss, Plaintiffs Mountain of Fire and

Miracles Ministries, Inc. ("MFM Nevada"), and Mountain of Fire and Miracles Ministries, Bowie,

Maryland, Inc. ("MFM Bowie") no longer have plausible claims against Defendants and should

be dismissed from this action.  The Motion is fully briefed, and the Court finds that no hearing is

necessary.  *See* D. Md. Local Rule 105.6.  For the reasons set forth below, the Motion for Judgment on the Pleadings will be GRANTED.

## BACKGROUND

The claims in this case and the basis for the Court's dismissal of certain claims are fully described in the Court's memorandum opinion on the Motion to Dismiss, which is incorporated herein by reference.  *See Olukoya v. Sowore*, No. TDC-18-cv-2922, 2019 WL 3501567, at *1-2 (D. Md. Aug. 1, 2019).   In summary, in its ruling the Court dismissed all claims based on statements in an article published by Defendants on September 27, 2017 entitled *Former Mountain of Fire Ministries Pastors Accuses General Overseer Olukoya of Illegal Importation of Goods in US Property Dispute* ("the September Article") relating to a civil action filed in the Superior Court of Los Angeles, California ("the California Action") and all claims relating to statements in a second article published by Defendants on October 19, 2017 entitled *GO of Mountain of Fire and Miracle Ministries Daniel Olukoya Falsely Claims Residence of US State of Maryland* ("the October Article").  At the Court's direction, Plaintiffs filed the operative Second Amended Complaint alleging defamation and false light claims against Olukoya, MFM Nevada, and MFM Bowie relating only to statements in the September Article about a civil action filed in the Circuit Court for Prince George's County, Maryland ("the Maryland Action").

## DISCUSSION

In the Motion for Judgment on the Pleadings, Defendants seek dismissal of the claims by Plaintiffs MFM Nevada and MFM Bowie on the basis that these two entities can no longer state a plausible claim for relief given the scope of the allegations remaining in the case.  Specifically, Defendants argue that because the Court's denial of the Motion to Dismiss as to statements in the September Article about the Maryland Action was predicated on the inaccuracy of the headline's

claim that Olukoya was a counterclaim defendant in that action, only Olukoya has any remaining, plausible defamation or false light claims.

Federal Rule of Civil Procedure 12(c) provides that "a party may move for judgment on the pleadings" after the pleadings have been filed.  Fed. R. Civ. P. 12(c).  On such a motion, the court considers the pleadings, which consist of the complaint, the answer, and any written instruments attached to those filings, as well as any documents that are "integral to the complaint and authentic."  *Occupy Columbia v. Haley*, 738 F.3d 107, 116 (4th Cir. 2013) (quoting *Phillips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009)).  In resolving a Rule 12(c) motion, the court accepts as true the facts alleged in the complaint and draws all reasonable factual inferences in its favor, and judgment is appropriate if the complaint fails to state a plausible claim for relief.  *See Massey v. Ojaniit*, 759 F.3d 343, 353 (4th Cir. 2014).  As with the Motion to Dismiss, the Court deems the September Article to be integral to the operative complaint, and it takes judicial notice of the filings in the Maryland Action.  *See Olukoya*, 2019 WL 3501567, at *2.

As a threshold matter, the Court does not agree with the Defendants' characterization of the ruling on the Motion to Dismiss as limiting the present case to "***one*** statement in ***one*** article concerning only ***one*** of the plaintiffs—Daniel Kolawole Olukoya."  Mot. J. Pleadings at 1, ECF No. 51.  The Court's Order specifically granted dismissal of any claims based on statements in the September Article that related to the California Action, but it denied the motion as to the rest of the article.  Although the Court focused on its determination that the fair report privilege did not apply to statements in the September Article's title and subtitle that inaccurately described Olukoya as a counterclaim defendant for claims relating to the illegal importation of goods, the Court ultimately granted the motion as to "the statements in the September Article relating to the

California Action" and denied it "as to the statements relating to the Maryland Action in the September Article," without further limitation. *Olukoya*, 2019 WL 3501567, at *5, *8.

Nevertheless, a review of the Second Amended Complaint reveals no plausible claims on behalf of MFM Nevada or MFM Bowie. The references to MFM Bowie in the September Article consist of statements that the defendants in the Maryland Action, a case brought by MFM Nevada and Mountain of Fire and Miracles Ministries International, include a successor organization to MFM Bowie and former members of that organization, and statements relating to a dispute over real property and funds acquired by MFM Bowie, which is one of the subjects of the original claims asserted in that case. For example, Plaintiffs' reference to the statement that "most members of the MFM in Bowie decided not to associate further [with] the denomination" describes a statement about the original allegations in the Maryland Action complaint, not the allegations of illegal activity at issue in Plaintiffs' defamation claims. Opp'n Mot. J. Pleadings at 3, ECF No. 52. These original claims are not the subject of the present defamation and false light claims.

As for MFM Nevada, the September Article states that the defendants in the Maryland Action have alleged that the plaintiffs in that case, which included MFM Nevada, "had willfully and intentionally evaded U.S. Customs Service duties and had evaded tax payments to the United States Government" over a period of "many years" and provided details of the alleged scheme. Sept. Article at 2-3, Mot. J. Pleadings Ex. A, ECF No. 51-2. These statements, however, derive entirely from language specifically found in the Amended Answer and Amended Counterclaims filed in the Maryland Action. *Compare* Sept. Article at 2-3 *with* Md. Action Am. Answer & Am. Counterclaims at 2-3, ECF No. 22-2. Indeed, Plaintiffs acknowledge in the Second Amended Complaint that this account "essentially repeats language from the 'First Affirmative Defense'" in the Maryland Action. Second Amended Complaint ¶ 19, ECF No. 28; *see also Olukoya*, 2019

4

WL 3501567, at *4-5.  Although Plaintiffs note that one paragraph in the September Article, which begins with the statement, "The nature of the illegal activities stems from the fact that . . .," does not clearly identify its contents as allegations from the Maryland Action, the statement comes directly from the Amended Answer and Amended Counterclaims and appears in the September Article in a sequence of three paragraphs recounting allegations from that filing that ends with an actual citation to the Maryland Action pleading.  Under these circumstances, the Court concludes that the fair report privilege shields Defendants from liability arising from these statements because they are accurate reports of claims made in ongoing litigation proceedings taken from court filings themselves.  *See Piscatelli v. Van Smith*, 35 A.3d 1140, 1149 (Md. 2012); *Friedman v. Bloomberg, L.P.*, 884 F.3d 83, 94 (2d Cir. 2017).  Plaintiffs' further claim that these statements were nevertheless defamatory because the September Article failed to report that subsequent discovery in the Maryland Action did not uncover credible evidence of these allegations does not alter this conclusion.  *See Friedman*, 884 F.3d at 94 (rejecting the argument that an account otherwise protected by the fair report privilege was not "fair" because the media outlet did not seek a response from the plaintiff before reporting on the allegations).

Alternatively, Plaintiffs argue that even if the only potentially defamatory statements in the September Article relate specifically to Olukoya, MFM Nevada and MFM Bowie still have viable defamation claims because Olukoya, as the founder, spiritual authority, and General Overseer of MFM, is "interchangeab[le]" and operates in an "intertwined, symbiotic relationship" with the MFM churches.  Opp'n Mot. J. Pleadings at 5.  They argue that based on this close relationship, statements made about Olukoya individually have a defamatory effect on the two entities.

To support an actionable defamation claim, a publication must contain some "special application of the defamatory matter" to the plaintiff.  *AIDS Counseling & Testing Centers v. Grp.*

*W Television, Inc.*, 903 F.2d 1000, 1005 (4th Cir. 1990) (quoting *Arcand v. Evening Call Pub. Co.*, 567 F.2d 1163, 1164 (1st Cir. 1977)). Because "[d]efamation is personal," in general, "[s]tatements which refer to individual members of an organization do not implicate the organization." *Jankovic v. Int'l Crisis Grp.*, 494 F.3d 1080, 1089 (D.C. Cir. 2007). "[A] corporation is not defamed by communications defamatory of its officers, agents or stockholders unless they also reflect discredit upon the method by which the corporation conducts its business." *Id.* (quoting Restatement (Second) of Torts § 561 cmt. b); *see also Novick v. Hearst Corp.*, 278 F. Supp. 277, 280 (D. Md. 1968) (stating that a corporation has a claim of defamation based on statements about a stockholder or officer only if they were made "in direct relation to the trade or business of the corporation"). Because "a corporation has no reputation in the sense that an individual has," "an imputation defamatory to stockholders, officers or employees of a corporation does not constitute defamation of the corporation itself in the absence of an allegation of special damages." *Novick*, 278 F. Supp. at 279.

Plaintiffs nevertheless argue that the statements in the September Article implicating Olukoya in the alleged illegal activity referenced in the Maryland Action also defame MFM Nevada and MFM Bowie because they were made "in direct relation to the trade or business" of the corporation or entity. *Id.* at 280. The statements about Olukoya, however, in no way relate to MFM Bowie, which is portrayed in the September Article as aligned with the defendants in the Maryland Action. As to MFM Nevada, where the Court has found that the fair report privilege applies to protect against a defamation claim based on the reporting of the allegation that MFM Nevada was engaged in the illegal activity, the statement that Olukoya is also a subject of the allegations of illegal activity is potentially defamatory only to the extent that he is deemed to be separate and distinct from MFM Nevada. Under these circumstances, the Court finds no basis to

6

deviate from the general rule that "[s]tatements which refer to individual members of an organization do not implicate the organization." *Jankovic*, 494 F.3d at 1089.   Accordingly, the Court concludes that the remaining actionable statements in the September Article relating to the Maryland Action are not "of and concerning" either MFM Nevada or MFM Bowie.  *See Va. Citizens Def. League v. Couric*, 910 F.3d 780, 783 (4th Cir. 2018).  The Motion will therefore be granted.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that the Motion for Judgment on the Pleadings, ECF No. 51, is GRANTED, and MFM Nevada and MFM Bowie are dismissed as Plaintiffs.

Date:   December 30, 2020                           /s/ *Theodore D. Chuang*
                                                                      THEODORE D. CHUANG
                                                                      United States District Judge